UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

IN RE:

BRUNSWICK BAPTIST CHURCH                                   Bankr. Case No. 03-13719

                                                          Chapter 11

                                 Debtor.

_____

CHARLES BORDEN, *et al.*,

                                                          Dist. Ct. Case No. 1:05-CV-1085

                                 Appellants,              Dist. Ct. Case No. 1:05-CV-1203
                                                                             (LEK)

        -against-

BRUNSWICK BAPTIST CHURCH,

                                 Appellee.

_____


                            **<u>DECISION AND ORDER</u>**

        Appellants Charles Borden, Diane Borden, Lewis E. McNamee, III, Susan D. McNamee,

Rickey Vest, and Thesera Vest (collectively, "Appellants") have filed a Motion to stay pending

appeal this Court's Order entered on January 17, 2007 ("January 17 Order") affirming multiple

orders of the United States Bankruptcy Court for the Northern District of New York.  Order to Show

Cause (Dkt. No. 21).  Additionally, Appellants seek an order directing Brunswick Baptist Church

("Debtor") to show cause why a stay should not be issued.  <u>Id.</u>  For the reasons stated below,

Appellants' application for an Order to show cause and Motion for a stay pending appeal are denied.


                                        1

However, the Court grants a temporary stay so that Appellants may seek a stay from the United States Court of Appeals for the Second Circuit.

## I.      Background

This bankruptcy case is approaching its fourth anniversary; Debtor commenced its Chapter 11 case on May 29, 2003.  As explained more fully in this Court's January 17 Order, on November 14, 2003, the Bankruptcy Court issued an Order fixing the deadline for creditors to file proofs of claim as March 15, 2004 (the "Bar Date Notice"), which was the second such deadline fixed by the Bankruptcy Court.  The Appellants received the Bar Date Notice at their personal residences, but did not forward it to their counsel, O'Connell and Aronowitz, P.C. ("OA"), in both the action at bar and the state court actions.  Appellants did not file general unsecured proofs of claim in the bankruptcy case until June 9, 2004, nearly three months after the March 15, 2004 deadline to file claims ("bar date").  As a result of Appellants' failure to file proofs of claim, Debtor's plan of reorganization only proposes a voluntary, nominal distribution of $3,000 total to Appellants.  In a Memorandum-Decision and Order filed on July 29, 2005, Bankruptcy Judge Littlefield denied Appellants' motion seeking to enlarge the period in which to file proofs of claim pursuant to Rules 3003(c)(3) and 9006(b)(1) of the *Federal Rules of Bankruptcy Procedure*.  Appellants challenged Judge Littlefield's order denying their application to enlarge the period of time to file a proof of claim on the grounds that: (1) they received adequate notice of the bar date and (2) they failed to demonstrate that the failure to file timely proofs of claim was due to excusable neglect.

Ryan Pratt ("Pratt"), like Appellants, filed a civil action against Debtor in New York State Supreme Court, Columbia County on February 1, 2002 alleging that he sustained serious personal

injuries on June 20, 2001, while working for Debtor.  Pratt was the only litigant to file a proof of

claim, which he filed on August 15, 2003, before the first bar date expired.  Debtor reached a

settlement agreement with Pratt that called for Debtor's insurance policy[1] to pay him $450,000.00 in

exchange for Pratt's release of all rights and claims against Debtor and its insurer related to the June

20, 2001 incident (the "Pratt Settlement").  The Bankruptcy Court determined that the insurance

policy was part of the bankruptcy estate and approved the Pratt Settlement on August 29, 2005.

Appellants challenged Judge Littlefield's finding that they did not have standing to challenge the

Pratt Settlement and that the insurance policy was part of the bankruptcy estate.  The January 17

Order affirmed Judge Littlefield's orders and dismissed Appellants' appeals.


## II.    Discussion

Rule 8(a) of the *Federal Rules of Appellate Procedure* specifies that an application for a stay

of a judgment or order must generally be made first to the district court; a motion for relief may be

made to the appellate court upon a showing by the movant that the district court has denied the

application for stay.  FED. R. APP. P. 8(a).  In determining whether or not to grant a motion for a stay

pending appeal, a district court must consider: "'(1) whether the movant will suffer irreparable

injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether

the movant has demonstrated a substantial possibility, although less than a likelihood, of success on

appeal, and (4) the public interests that may be affected.'"  Albicocco v. Albicocco (In re

Albicocoo), No. 06-CV-3409 (JFB), 2006 U.S. Dist. LEXIS 65359, at *2-*3 (E.D.N.Y. Sept. 13,

---

[1] Debtor holds a single-occurrence liability policy issued by Church Mutual Insurance
Company ("Church Mutual") that provides coverage up to $1,000,000.

2006) (quoting <u>Hirschfeld v. Bd. of Elections in the City of New York</u>, 984 F.2d 35, 39 (2d Cir.

1993). "The party seeking to stay a court's order bears a difficult burden." <u>United States v. Private</u>

<u>Sanitation Indus. Ass'n</u>, 44 F.3d 1082, 1084 (2d Cir. 1994). The Court will consider Appellants'

arguments and the factors as a whole to decide whether a stay is warranted. <u>See</u> <u>In re St. Johnsbury</u>

<u>Trucking Co.</u>, 185 B.R. 687, 688 (S.D.N.Y. 1995).

   In support of their Motion, Appellants argue, as they did in their prior briefs to this Court

and before Judge Littlefield, that case law entitles them to file late proofs of claim and that the

proceeds of Debtor's insurance policy are not part of the bankruptcy estate. As laid out in the

January 17 Order, the Court disagrees with Appellants and does not now find that they have a

substantial likelihood of success on appeal.

   Appellants also argue that they will suffer irreparable harm if the Court fails to stay the

January 17 Order. In support, Appellants claim that if the January 17 Order is not stayed, the

distribution to Pratt and the plan of reorganization will bar their recovery of any of the insurance

proceeds. However, both this Court and Judge Littlefield expressly noted that, in spite of the

Debtor's bankruptcy reorganization, Appellants still have a remedy in state court against Debtor's

insurance company.

   Appellants assert that further delay will not irreparably harm Pratt or Debtor. Appellants

contend that a delay is inconsequential to Debtor because Pratt and Appellants will ultimately be

paid out of the insurance proceeds, and not by Debtor. Moreover, Appellants suggest that since

Pratt has waited this long for distribution of the insurance proceeds, he can wait a little longer.

Nevertheless, this Court is mindful that "[t]he chief purposes of the bankruptcy laws are 'to secure a

prompt and effectual administration and settlement of the estate of all bankrupts within a limited

period." Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.), 377 F.3d 209, 217 (2d Cir. 2004) (quoting Katchen v. Landy, 382 U.S. 323, 328-29 (1966)). Debtor commenced this proceeding nearly four (4) years ago. Two courts have now ruled in favor of Debtor's reorganization plan. The continuing delay and uncertainty resulting from the length of this proceeding certainly do impact Debtor and Pratt. Additionally, there is a strong public interest in resolving bankruptcy cases as expeditiously as possible - which can be accomplished by enforcing processes, such as the bar date presently at issue, that identify creditors for prompt payment. See First Fid. Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.), 937 F.2d 833, 840 (2d Cir. 1991) ("Thus, a bar order does not function merely as a procedural gauntlet, but as an integral part of the reorganization process. If individual creditors were permitted to postpone indefinitely the effect of a bar order so long as adversary proceedings were pending, the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined.") (internal quotations and citations omitted).

As the Court noted in the January 17 Order, the outcome of this case is unfortunate. Appellants appear to have suffered serious injuries and may be entitled to some of the proceeds from Debtor's insurance policy, and the effect of the rulings may complicate Appellants' attempts to secure those proceeds. Accordingly, Appellants have shown that they might suffer some significant harm, and yet face "the Sisyphean task of convincing the court that it was in error and substantially likely to be reversed on appeal." Albicocco, 2006 U.S. Dist. LEXIS 65359, at *16. Therefore, the Court exercises its discretion to grant a temporary stay so that Appellants may, pursuant to Rule 8(a) of the *Federal Rules of Appellate Procedure*, seek a stay pending appeal from the Second Circuit. Id. at *16*-17 (citing Neely v. Pension Trust Fund, 00 CV 2013 (SJ), 2003 U.S. Dist. LEXIS 12497

(E.D.N.Y. June 4, 2003) and <u>LNC Invs., Inc. v. Republic of Nicaragua</u>, No. 96-CV-6360 (JFK), 2000 U.S. Dist. LEXIS 7738 (S.D.N.Y. June 6, 2000)).  If Appellants fail to file a motion for a stay with the Second Circuit within ten (10) days from the filing of this Order, the temporary stay of the January 17 Order shall expire.  If Appellants file a motion to stay with the Second Circuit before the deadline, this Court's temporary stay will remain in effect until the stay motion before the Second Circuit is decided.

**III.     Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Appellants' Motion to stay pending appeal and Order to Show Cause (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED**, that a **TEMPORARY STAY** of the Court's January 17 Order (Dkt. No. 16) is **GRANTED** for **10 (TEN) DAYS** from the date of the filing of this Order or until Appellants file a motion to stay with the Second Circuit and that motion is decided; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:     January 25, 2007
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

6